UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSUE VASQUEZ,

                Plaintiff,

-against-

OTIS BANTUM CORRECTIONAL FACILITY, et al.,

                Defendants.

24-CV-9641 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. By order dated March 17, 2025, the Court dismissed this action after Plaintiff failed to prepay the fees of $405.00, or submit an application to proceed *in forma pauperis* ("IFP") and prisoner authorization. The Court also denied IFP status for the purpose of any appeal Plaintiff may wish to pursue. The Clerk's Office entered civil judgment on March 19, 2025.

    On May 12, 2025, the Court received Plaintiff's motion for an extension of time to file a notice of appeal, which is dated April 16, 2025, and a motion for leave to proceed IFP on appeal. Plaintiff requests an extension of time to file his appeal because his mail was delayed when prison authorities moved him from one building to another building. (*See* ECF 9.) Plaintiff also filed a notice of appeal, which the Court received on May 19, 2025. Plaintiff also submitted his IFP application and prisoner authorization.

    For the following reasons, the Court grants Plaintiff's motion for an extension of time to file an appeal and denies his motion to proceed IFP on appeal.

## DISCUSSION

    Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a party must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See*

Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, but under Rule 4(a)(5), the party must do so, at the latest, within 30 days after expiration of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party must also show "excusable neglect or good cause" for the failure to file a notice of appeal within the deadline. Fed. R. App. P. 4(a)(5)(A)(ii). But even where a party shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days after entry of judgment. *See Goode*, 252 F.3d at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained.").

Here, civil judgment in this action was entered on March 19, 2025. Thus, Plaintiff had until on or about April 18, 2025, to file a timely notice of appeal, and until on or about May 19, 2025, to file a timely motion for an extension of time to appeal. The Court received the motion for an extension of time on May 12, 2025, within 60 days of the entry of the civil judgment. Because Plaintiff shows good cause for his failure to file his notice of appeal within 30 days of the entry of the civil judgment, the Court grants the motion for an extension of time to file his notice of appeal.

The Court denies Plaintiff's motion to proceed IFP on appeal because the Court already ruled on Plaintiff's IFP status in its May 17, 2025 order. Plaintiff may seek leave to proceed IFP after this action is transferred to the Court of Appeals.

## CONCLUSION

The Court grants the motion for an extension of time to file a notice of appeal. (ECF 9.) The Court denies Plaintiff's motion to proceed IFP on appeal (ECF 10) because the Court

already ruled on Plaintiff's IFP status. The Court directs the Clerk of Court to terminate both motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 19, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge